IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, )<br>)<br>v. )<br>)<br>OSCAR OMAR LOBO LOPEZ and )<br>SERGIO GERARDO AMADOR AMADOR, )<br>Defendants. ) | Case No. 1:08cr194 |

## ORDER

This matter came before the Court on Defendant Amador Amador's motion to compel the government to serve notice on the U.S. Bureau of Immigration and Customs Enforcement ("ICE") not to deport or remove any potential witnesses from the United States. Defendant Amador Amador initially filed this motion on December 19, 2008 (Docket No. 92), and then refiled this motion on December 23, 2008 (Docket No. 100). On December 19, 2008, Defendant Amador Amador also filed under seal (i) a motion for disclosure of identities and contact information for government-disclosed witness (Docket No. 91); and (ii) an *ex parte* supplement to the motion for disclosure (Docket No. 90). Later that day, an Order issued striking Defendant Amador Amador's motion for disclosure for failing to comply with the local rules. *United States v. Amador Amador*, No. 1:08cr194 (E.D. Va. Dec. 19, 2008) (Under Seal Order). Immediately prior to today's hearing, the government filed a response to Defendant Amador Amador's motion to compel and Defendant Amador Amador refiled under seal (i) a motion for disclosure of identities and contact information for government-disclosed witness (Docket No. 105); and (ii) an *ex parte* supplement to the motion for disclosure (Docket No. 104). In the course of the hearing, counsel for Defendant Amador Amador represented that the supplement to the motion

for disclosure, which was originally filed *ex parte*, need not remain *ex parte*, but may be disclosed to the government. Because neither the motion for disclosure nor the supplement to it identify witnesses by name, there appears to be no good cause for these pleadings to remain under seal, but the parties should have an opportunity to address the issue.

Defendant Amador Amador's motion to compel the government to serve notice on ICE not to deport or remove any potential witnesses from the United States relies principally on *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982). That case held that "the responsibility of the Executive Branch faithfully to execute the immigration policy adopted by Congress justifies the prompt deportation of illegal-alien witnesses upon the Executive's good-faith determination that they possess no evidence favorable to the defendant in a criminal prosecution." *Id.* at 872. The case further made clear that a defendant can only establish that the government's deportation of a witness violated his constitutional rights if he "makes a plausible showing that the testimony of the deported witness would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses." *Id.* at 873.

Accordingly, for these reasons and for good cause,

It is hereby **ORDERED** that Defendant Amador Amador's December 19, 2008 motion to compel the government to serve notice on ICE not to deport or remove any potential witnesses from the United States (Docket No. 92) is **DENIED** as moot on the ground that it has been refiled as Docket No. 100.

It is further **ORDERED** that Defendant Amador Amador's December 19, 2008 *ex parte* supplement to its motion for disclosure (Docket No. 90) is **DENIED** as moot on the ground that it has been refiled as Docket No. 104.

It is further **ORDERED** that defendant's supplement to its motion for disclosure (Docket No. 104) will no longer be considered on an *ex parte* basis. The Clerk is directed to provide a copy of the pleading to the government, if requested.

It is further **ORDERED** that the parties are **DIRECTED** to file a brief memorandum either showing cause for maintaining Defendant Amador Amador's motion to compel and its supplement (Docket Nos. 104, 105) under seal or requesting that the seal be lifted by 5:00 p.m., Friday, January 9, 2009.

It is further **ORDERED** that the government is **DIRECTED** to file a supplemental response to defendant's motion to compel by 5:00 p.m., Monday, January 12, 2009.[1] In this response, the government should disclose which, if any, of the persons identified in defendant's motion for disclosure or its supplement (Docket Nos. 104, 105) are illegal aliens subject to removal or deportation.[2]

It is further **ORDERED** that (1) for any person identified in defendant's motion for disclosure or its supplement who is subject to removal or deportation, the government should state what steps it has taken with respect to each individual to satisfy its obligation under *Valenzuela-Bernal* to make a "good-faith determination that [the individuals] possess no evidence favorable to the defendant in a criminal prosecution," 458 U.S. at 872; and (2) the government should advise whether, in its view, there are any individuals subject to removal or deportation who should not be removed or deported because their testimony would likely be

---

[1] This memorandum will supplement the response filed by the government today (Docket No. 103).

[2] For the purpose of this disclosure, the government may, if it wishes, continue to use the numerical identifiers it has assigned to the various individuals.

-3-

"material and favorable to [the] defense, in ways not merely cumulative to the testimony of available witnesses." *Id.* at 873.

It is further **ORDERED** that the government is **DIRECTED** to file a response to defendant's motion for disclosure by 5:00 p.m., Monday, January 12, 2009. As part of this response, the government should state whether there are any individuals whose identities and contact information the government is willing to disclose subject to an agreed-upon protective order.

It is further **ORDERED** that, if necessary, a hearing on defendant's motions to disclose and compel will be held at 2:00 p.m., Friday, January 16, 2009.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 30, 2008

/s/
T. S. Ellis, III
United States District Judge