UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED IN OPEN COURT
APR 17 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 1:08cr194 |
| OSCAR OMAR LOBO-LOPEZ, | ) |
| | ) Judge T. S. Ellis, III |
| Defendant. | ) Trial Date: April 14, 2009 |

## GOVERNMENT'S MEMORANDUM REGARDING EXPERT WITNESS

The United States opposes the defendant's request to call an El Salvadoran defense attorney to provide expert testimony supporting the contention that MS-13 is not an enterprise. The defendant relies on the language in the indictment that MS-13 has operated in the Eastern District of Virginia since 1993. The indictment also states that MS-13 had members and associates spread throughout the United States in, among other places, Virginia, Maryland, Washington, D.C., North Carolina, Texas, and California, as well as in Central America, including El Salvador. The defense incorrectly contends that we have alleged that MS-13 "operates" in El Salvador. The indictment states nothing more than members and associates are spread throughout the United States and Central America to include El Salvador.

Even if the indictment is interpreted as alleging that MS-13 operates in the United States and Central America, to include El Salvador, the United States is not required to prove that the enterprise operated in El Salvador. The United States is only required to prove that the MS-13 is a RICO enterprise engaged in racketeering activity. *United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). The cases make clear that the government need not prove all facts charged in an

indictment; instead, only enough facts to prove the essential elements of the crime must be demonstrated at trial. *United States v. Jenkins*, 785 F.2d 1387, 1392 (citing *United States v. Hughes*, 766 F.2d 875, 879 (5th Cir. 1985). The United States need not proved that MS-13 operated in El Salvador, or had members in El Salvador.[1] This is mere surplusage not critical to the charged crime.

If the portion of the indictment is critical to the charged crime, the United States contends that it is nonetheless proper federal pleading permits the United States to charge in the conjunctive. In *United States v. Mejia*, 545 F.3d 179, 207, the Second Circuit concluded that the indictment was sound even thought the United States had not proven the narcotics trafficking charged in the indictment. "A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged." *Id.* (citing *United States v. McDonough*, 56 F.3d 381, 390 (2d Cir. 1995). In *Mejia*, the United States chose to charge narcotics trafficking in addition to violent crimes. Similarly in this case, we chose to state in the conjunctive several areas where members of the enterprise were located.

Because the existence of MS-13 members in El Salvador is not critical to the indictment, the expert's testimony regarding MS-13 is irrelevant. The expert testimony moreover is cumulative to a gang expert already noticed by the defense.

---

[1] The United States contends that it has proven that members from the Virginia area were present in El Salvador (Travieso), North Carolina (Buso), and Texas (Dado) after joining the gang and in relation to either fleeing law enforcement or returning to the country.

2

                Respectfully submitted,

                Dana J. Boente
                Acting United States Attorney

By:          _____
                Morris R. Parker, Jr.
                Patricia T. Giles
                Assistant United States Attorneys

                Zachary C. Richter
                Special Assistant United States Attorney

                Office of United States Attorney
                Justin W. Williams U.S. Attorney's Building
                2100 Jamieson Ave
                Alexandria, VA 22314

CERTIFICATE OF SERVICE

I certify that on the 17th day of April 2009, I hand-delivered a copy of the foregoing Government's Memorandum to the following:

| | |
|---|---|
| Lana M. Manitta, Esq. | John C. Kiyonaga, Esquire |
| Counsel for Defendant Oscar Lobo Lopez | Counsel for Defendant Oscar Lobo Lopez |
| 201 N. Union Street, Suite 140 | 526 King Street, Suite 213 |
| Alexandria, VA 22314 | Alexandria, VA 22314 |
| (703) 299-3441 | (703) 739-0009 |
| Fax: (703) 299-3441 | Fax: (703) 836-0445 |
| E-mail: LMManitta@RRMDK.com | E-mail: jkiyonaga@earthlink.net |

By: _____
Morris R. Parker, Jr.
Assistant United States Attorney
Office of United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave
Alexandria, VA 22314
Phone: 703-299-3700
Fax: 703-299-3982
E-mail address: morris.parker@usdoj.gov