IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES,

V.                                       Crim. No. 1:08cr194
                                          Hon. T.S. Ellis, III

OSCAR OMAR LOBO-LOPEZ,
Defendant.

### DEFENDANT'S MEMORANDUM OF LAW ON SCOPE OF ENTERPRISE

COMES NOW, Defendant Oscar Omar Lobo-Lopez, by and through counsel, and states as follows.

The Indictment defines the enterprise as "Mara Salvatrucha, also known as MS-13" and goes on to specify that "MS-13 had members and associates throughout the United States in, among other places, Virginia, Maryland, Washington, D.C., North Carolina, Texas and California as well as in Central America, including El Salvador." The Government has presented evidence that MS-13 comprises members in various parts of the United States as well as Canada and Central America to include El Salvador. The Indictment defines the racketeering enterprise as MS-13, not a portion or portions thereof, and the Government is required to prove that MS-13, not just a subset thereof, constituted a racketeering enterprise.

> "...The government has charged the following in
> the indictment as constituting the enterprise... If
> you find that *this enterprise* existed...

Sand, *Modern Federal Jury Instructions,* RICO, Instr. 52-20, First Element – The Enterprise (*emphasis added*).

1

The definition of an "enterprise" for purposes of Sec. 1962, for which the above instruction is intended, is no different from that for purposes of Sec. 1959, under which Defendant is charged. *United States v. Fiel*, 35 F. 3d 997, 1003 (4th Cir. 1994). Moreover, that intent is implicit in the standard instruction for Sec. 1959 which requires that "this" group alleged in the indictment to be the enterprise, be characterized by the features of enterprise. Sand, *Modern Federal Jury Instructions*, RICO, Instr. 52-37, First Element – Existence of Enterprise Affecting Interstate Commerce.

Consequently, any component of the alleged enterprise shown not to constitute such defeats the enterprise element and the count. Similarly, a single conspiracy alleged in an indictment must be proved to be one as opposed to multiple conspiracies, proof of which will not sustain a conviction. *Blumenthal v. United States*, 332 U.S. 539, 558 (1947). The Fourth Circuit, in fact, has acknowledged that a racketeering indictment must be sustained not by proof of more than one conspiracy or enterprise, but of a "single enterprise under RICO..." *United States v. Tillett*, 763 F. 2d 628, 632 (4th Cir. 1985).[1]

Evidence of MS-13's lack of institutional cohesion anywhere within its ranks disproves the enterprise element of the Government's charge no less than does such testimony as to the gang throughout its entirety. Each reveals multiple conspiracies or enterprises and demonstrates, further, that MS-13, in actuality, only "reveals loose and

---

[1] It is noteworthy that the successful RICO prosecution in *Fiel* entailed an indictment against members of an outlaw motorcycle club, the Fates Assembly, which was drafted to include as the enterprise only specified elements of the club, as opposed to the club as a whole. *Fiel* at 1003.

2

discontinuous patterns of associations and agreements... not sufficient to support conviction under RICO." *United States v. Bledsoe*, 674 F. 2d 647, 667 (8th Cir. 1982). [2]

                           Respectfully Submitted,

                           OSCAR OMAR LOBO-LOPEZ
                           By Counsel

John C. Kiyonaga Law Office

BY: _____
John C. Kiyonaga, VSB 30982
526 King Street, Suite 213
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile:  (703) 836-0445
E-mail: jkiyonaga@earthlink.net
Counsel for the Defendant

RICH ROSENTHAL MANITTA DZUBIN & KROEGER, LLP

LMM (By JCK)
_____
Lana M. Manitta, VSB #42994
201 N. Union St., Ste. 140
Alexandria, VA 22314
(703) 299-3440
FAX (703) 299-3441
E-mail: LMManitta@RRMDK.com
Counsel for Defendant

---

[2] The requirement of proving a single conspiracy or "enterprise" as alleged in an indictment is distinct from the latitude afforded where an indictment charges multiple ways of committing one crime. "Where there are several ways to violate a criminal statute... federal pleading requires... that an indictment charge in the conjunctive... [notwithstanding] an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged." *United States v. McDonough*, 56 F. 3d 381, 190 (2nd Cir. 1995). Thus, an indictment alleging two forms of racketeering activity is sustained with proof of just one. S*ee, United States v. Mejia*, 545 F. 3d 179, 207 (2nd Cir. 2008). Similarly, an indictment can be sustained if a crime charged is proved on a smaller scale than alleged. Thus, an indictment alleging a fraud is sustained with proof of fraud of a lesser scope "[a]s long as the crime and the elements that sustain the conviction are clearly laid out in the indictment..." *United States v. Miller*, 471 U.S. 130, 143 (1985). The "racketeering enterprise" at bar is not a crime, but rather an element of Counts 1 and 2 "clearly laid out in the indictment" and must be proved as charged.

## Certificate of Service

I hereby certify that on April 17, 2009 I hand delivered the foregoing to counsel for the Government.

_____
John C. Kiyonaga