IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES,

V.  Crim. No. 1:08cr194

OSCAR OMAR LOBO-LOPEZ,
Defendant.

FILED IN OPEN COURT APR 20 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

### DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTION

COMES NOW, Defendant Oscar Omar Lobo-Lopez, by and through counsel, and requests this Court instruct the jury as follows. For the sake of judicial economy, Defendant submits but one proposed instruction. Should the Government's submission require objection or modification, Defendant will so plead.

<u>First Element – Existence of Enterprise Affecting Interstate Commerce</u>

The first element the government must prove beyond a reasonable doubt is that an "enterprise" existed, which was engaged in or had an effect upon, interstate or foreign commerce.

An enterprise includes a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and it must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

1

The government has charged the following in the indictment as constituting the enterprise: "Mara Salvatrucha, also known as MS-13... MS-13 had members and associates spread throughout the United States in, among other places, Virginia, Maryland, Washington, D.C., North Carolina, Texas and California as well as in Central America, including El Salvador."

If you find that this *MS-13 or Mara Salvatrucha* was group of people characterized by

1.) *unity,*[1]

2.) a common purpose, *separate and apart from the pattern of racketeering activity alleged by the government,*[2] and

3.) an ongoing formal or informal organization, *that is a continuous, identifiable structure or framework for making and implementing decisions*[3], *separate and apart from that inherent in undertaking the pattern of racketeering activity alleged by the government*[4]

4.) by personnel who function as a continuing unit, *that is a unit with continuity of members*[5] *as distinct from a loose and discontinuous pattern of associations*[6],

then you may find that an enterprise existed. *However, in order for you to find an enterprise existed, you must find that these characteristics applied to MS-13 or Mara Salvatrucha as a whole – not merely to a particular element or elements of the gang.*[7]

---

[1] *United States v. Fiel*, 35 F. 3d 997, 1003 (4th Cir. 1994).
[2] *United States v. Turkette*, 452 U.S. 576, 583 (1981); *McDonough v. Natl. Home*, 108 F. 3d 174, 177 (8th Cir. 1997).
[3] *Fiel, supra; McDonough, supra; Prudential Insurance v. U.S. Gypsum*, 711 F. Supp. 1244, n. 5 (D.N.J. 1989).
[4] *United States v. Griffin*, 660 F. 2d 996, 999 (4th Cir. 1982).
[5] *Fiel, supra.*
[6] *United States v. Bledsoe*, 647 F. 2d 647, 667 (8th Cir. 1982).

To satisfy this element, the government is also required to prove beyond a reasonable doubt that the enterprise was engaged in or had any effect upon interstate or foreign commerce.

Interstate commerce includes the movement of goods, services, money and individuals between states or between states and the District of Columbia or between the United States and a foreign state or nation.

The government must prove that the enterprise engaged in interstate commerce or that its activities affected interstate commerce in any way, no matter how minimal. It is not necessary to prove that the acts of any particular defendant affected interstate commerce as long as the acts of the enterprise had such an effect. Finally, the government is not required to prove that any defendant knew he was affecting interstate commerce.

Sand, *Modern Federal Jury Instructions,* Instruction 52-37 (*portions italicized are added upon the authorities indicated*).

                              Respectfully Submitted,

                              OSCAR OMAR LOBO-LOPEZ
                              By Counsel

John C. Kiyonaga Law Office
BY:   /s/
John C. Kiyonaga, VSB 30982
526 King Street, Suite 213
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 836-0445
E-mail: jkiyonaga@earthlink.net
Counsel for the Defendant

RICH ROSENTHAL MANITTA DZUBIN & KROEGER, LLP

---

[7] *Blumenthal v. United States,* 332 U.S. 539, 558 (1947), *United States v. Tillett,* 763 F. 2d 628, 632 (4th Cir. 1985), *Griffin, supra* at 999-1000, *United States v. Mazzei,* 700 F. 2d 85 (2nd Cir. 1982).

/s/ _L.M.M. (by JCK)_
Lana M. Manitta, VSB #42994
201 N. Union St., Ste. 140
Alexandria, VA 22314
(703) 299-3440
FAX (703) 299-3441
E-mail: LMManitta@RRMDK.com
Counsel for Defendant

Certificate of Electronic Service

I hereby certify that on April 18, 2009, I ~~electronically filed the~~ _hand delivered to_ foregoing with the ~~Clerk of Court using the CM/ECF System, which will send notice of such filing to the~~ following registered CM/ECF users:

Patricia Giles, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

Morris Parker, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

AUSA Zachary Richter
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, VA 22314

Joseph McCarthy, Esq.
510 King St., Ste. 400
Alexandria, VA 22314

Jeffrey Zimmerman, Esq.
8200 Greensboro Drive
Suite 750
McLean, Virginia 22102

                                          /s/
John C. Kiyonaga, VSB 30982
John C. Kiyonaga Law Office
526 King Street, Suite 213
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile:  (703) 836-0445
E-mail: jkiyonaga@earthlink.net

Counsel for the Defendant