IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 1:08cr194 |
| ) | |
| OSCAR OMAR LOBO-LOPEZ, ) | |
| Defendant. ) | |

FILED APR 20 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## ORDER

This matter came before the Court on defendant's objection to jury instructions regarding the government's burden of proving that the enterprise affected interstate or foreign commerce. Specifically, defendant requested (i) that the jury instructions regarding the first element of Count One and Count Two be amended to state that the government must prove that the enterprise, MS-13, existed and *substantially* affected interstate or foreign commerce; and (ii) that the instruction regarding the requisite effect on interstate or foreign commerce be amended to state that the government must prove the enterprise had a *substantial* effect on interstate or foreign commerce, rather than a minimal effect on interstate or foreign commerce.

A circuit split exists on the question whether the VICAR and RICO statutes reach an enterprise engaged in noneconomic activity if the enterprise's activities have only a minimal, as opposed to substantial, effect on interstate or foreign commerce. *Compare United States v. Nascimento*, 491 F.3d 25, 37 (1st Cir. 2007) (holding that "a de minimis effect on interstate commerce is all that is required to satisfy RICO's commerce element," regardless of whether the alleged enterprise engaged in economic activity), *with Waucaush v. United States*, 380 F.3d 251, 256 (6th Cir. 2004) (interpreting RICO as reaching an enterprise engaged in noneconomic activity only if the enterprise's activities have a substantial effect on interstate or foreign

commerce in light of *United States v. Morrison*, 529 U.S. 598 (2000) and *Jones v. United States*, 529 U.S. 848 (2000)). There is no Fourth Circuit authority directly on point. The Fourth Circuit has held that *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 529 U.S. 598 (2000), "do not disturb" its previous holding that the Hobbs Act applies "whenever the instant offense has at least a 'minimal' effect on interstate commerce." *United States v. Williams*, 342 F.3d 350, 354 (4th Cir. 2003). Although *Williams*, as a Hobbs Act decision, is distinguishable, its reasoning nonetheless suggests that the Fourth Circuit is more likely to adopt the more persuasive position articulated by the First Circuit in *Nascimento* than that of the Sixth Circuit in *Waucaush*.

Accordingly, for the reasons stated in *Nascimento* and for the reasons stated from the Bench,

It is hereby **ORDERED** that defendant's objection to the jury instructions regarding interstate and foreign commerce is **OVERRULED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

April 20, 2009
Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge