FILED
SEP 18 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

V.

**Oscar Omar Lobo-Lopez**
a/k/a "Joker"
Defendant.

Case Number: 1:08CR00194-001

USM Number: 72763-083

Defendant's Attorney: Lana M. Manitta, Esq.
John C. Kiyonaga, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty as to Counts 1, 2 and 3 of the Superseding Indictment.

The defendant is adjudicated guilty of these offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. 1959(a)(5) | Conspiracy to commit murder in aid of racketeering activity. | Felony | May 5, 2007 | 1 |
| 18 U.S.C. 1959(a)(1) and 2 | Murder in aid of racketeering activity. | Felony | May 5, 2007 | 2 |
| 18 U.S.C. 924(c)(1)(A) and (j), and 2 | Use of a firearm during a crime of violence causing death. | Felony | May 5, 2007 | 3 |

As pronounced on September 18, 2009, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to 18 U.S.C. 3553 and the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 18th day of September 2009.

/s/
**T. S. Ellis, III**
**United States District Judge**

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case | Page 2 of 6
Sheet 2 - Imprisonment

**Defendant's Name:** Oscar Omar Lobo-Lopez
**Case Number:** 1:08CR00194-001

## IMPRISONMENT

The defendant is hereby committed into the custody of the United States Bureau of Prisons to be imprisoned for a total term of: LIFE as to Count 2, Ten (10) Years as to Count 1, these terms to run concurrent to one another, and Ten (10) Years as to Count 3, this term to run consecutive to Counts 1 and 2, with credit for time already served in connection with the instant offenses, pursuant to 18 U.S.C. 3585(b), as computed by the Bureau of prisons.

The Court makes the following recommendations to the Bureau of Prisons:

    That defendant participate in the Bureau of Prisons' Inmate Financial Responsibility Program as directed in the Restitution Judgment.

The defendant is remanded into the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: Oscar Omar Lobo-Lopez
Case Number: 1:08CR00194-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: Three (3) Years as to Count 1 and Five (5) Years as to each of Counts 2 and 3, all of these terms to run concurrently with one another.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess or use a controlled substance. Unless mandatory drug testing is waived, the defendant shall submit to one drug test within 15 days of release from custody and periodic drug tests thereafter, as determined by the Court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any special conditions of supervision.

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days before any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or as an agent of a law enforcement agency without the permission of the Court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name:   Oscar Omar Lobo-Lopez
Case Number:        1:08CR00194-001

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) In the event the restitution is not paid immediately, defendant must pay restitution as a condition of supervised release at the monthly rate of ONE HUNDRED FIFTY DOLLARS ($150.00), beginning SIXTY (60) DAYS after his release from imprisonment, with interest waived, to the victims in "Attachment A", in accordance with the Restitution Judgment filed on September 18, 2009. The Probation Officer or the defendant may petition the Court to increase or decrease the monthly restitution payment amount, if warranted.

2) Upon completion of the term of imprisonment, the defendant must be surrendered to, and cooperate fully with, United States Immigration officials in connection with his prompt removal to his country of origin.

3) Following removal, defendant must not return to the United States without the express, advance permission of the United States Attorney General or the Secretary of the Department of Homeland Security.

4) The defendant shall have no contact with any gang members, and shall not frequent places where gang members are known to congregate.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 5 of 6
Sheet 5 - Criminal Monetary Penalties

Defendant's Name: **Oscar Omar Lobo-Lopez**
Case Number: **1:08CR00194-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| 2 | $100.00 | $0.00 | $4,300.00 |
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$300.00** | **$0.00** | **$4,300.00** |

No fines have been imposed in this case.
The defendant shall pay restitution, jointly and severally, in accordance with the Restitution Judgment filed on September 18, 2009.
The Court waives the cost of prosecution, incarceration, and supervised release.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case  Page 6 of 6
Sheet 6 - Schedule of Payments

Defendant's Name:   Oscar Omar Lobo-Lopez
Case Number:        1:08CR00194-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Lump sum payment of $4,300.00 due immediately, balance due in accordance with the Restitution Judgment.
The special assessment shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Payments shall be made to the victims listed in "Attachment A" to this Judgment, in accordance with the Restitution Judgment filed on September 18, 2009, with INTEREST on restitution WAIVED.

Nothing in the court's order shall prohibit the collection of any judgment or fine by the United States.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons - Page 1

Case Number:        1:08CR00194-001
Defendant's Name:   Oscar Omar Lobo-Lopez

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

   A  **X**  The Court adopts the presentence investigation report without change.

   B  __  The Court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

      1  __  Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level or specific offense characteristics):

      2  __  Chapter Three of the U.S.S.G. Manual adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance or responsibility):

      3  __  Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

      4  __  Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

   C  __  The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P.32.

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)**

   A  __  No count of conviction carries a mandatory minimum sentence.

   B  **X**  Mandatory minimum sentence imposed.

   C  __  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

      __  findings of fact in this case

      __  substantial assistance (18 U.S.C. § 3553(e))

      __  the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**
Total Offense Level:       43
Criminal History Category  III
Imprisonment Range:        120 mos. as to Ct. 1; Life as to Ct. 2 and 120 consecutive mos. as to Ct. 3
Supervised Release Range:  2 to 3 years as to Ct. 1  and  3 to 5 years as to Cts. 2 and 3
Fine Range:                $25,000.00 to $250,000.00 as to Cts. 1 & 2 and up to $250,000.00 as to Ct. 3
**X**  Fine waived or below the guideline range because of inability to pay.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
  Statement of Reasons - Page 2

Case Number:     1:08CR00194-001
Defendant's Name: Oscar Omar Lobo-Lopez

# STATEMENT OF REASONS

### IV   ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)

A  **X**  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.
B  __   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use page 4 if necessary.)
C  __   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)
D  __   The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

### V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)

A   The sentence imposed departs (Check only one.):
  __ below the advisory guideline range
  __ above the advisory guideline range

B   Departure based on (Check all that apply.):

  1   Plea Agreement (Check all that apply and check reason(s) below.):
    __ 5K1.1 plea agreement based on the defendant's substantial assistance
    __ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
    __ binding plea agreement for departure accepted by the court
    __ plea agreement for departure, which the court finds to be reasonable
    __ plea agreement that states that the government will not oppose a defense departure motion

  2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
    __ 5K1.1 government motion based on the defendant's substantial assistance
    __ 5K1.1 government motion based on the defendant's substantial assistance
    __ government motion for departure
    __ defense motion for departure to which the government has not objected
    __ defense motion for departure to which the government has objected

  3   Other
    __ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | |
|---|---|---|
| __ 4A1.3 Criminal History Adequacy | __ 5K2.1 Death | __ 5K2.11 Lesser Harm |
| __ 5H1.1 Age | __ 5K2.2 Physical Injury | __ 5K2.12 Coercion and Duress |
| __ 5H1.2 Education and Vocational Skills | __ 5K2.3 Extreme Psychological Injury | __ 5K2.13 Diminished Capacity |
| __ 5H1.3 Mental and Emotional Condition | __ 5K2.4 Abduction or Unlawful Restraint | __ 5K2.14 Public Welfare |
| __ 5H1.4 Physical Condition | __ 5K2.5. Property Damage or Loss | __ 5K2.16 Voluntary Disclosure of Offense |
| __ 5H1.5 Employment Record | __ 5K2.6 Weapons and Dangerous Instruments | __ 5K2.17 High-Capacity Semiautomatic Firearm |
| __ 5H1.6 Family Ties and Responsibilities | __ 5K2.7 Disruption of Government Function | __ 5K2.18 Violent Street Gang |
| __ 5H1.11 Military Record, Charitable Services, Good Works | __ 5K2.8 Extreme Conduct | __ 5K2.20 Aberrant Behavior |
| | __ 5K2.9 Criminal Purpose | __ 5K2.21 Dismissed and Uncharged Conduct |
| __ 5K2.0 Aggravating or Mitigating Circumstances | __ 5K2.10 Victim's Conduct | __ 5K2.22 Age or Health of Sex Offenders |
| | | __ 5K2.23 Discharged Terms of Imprisonment |
| | | __ 5K3.1 Early Disposition, "fast-track" Program |
| | | __ Other guideline basis (e.g., 2B1.1 commentary |

D   **Explain the facts justifying the departure. (Use page 4 if necessary.)**

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons - Page 3

Case Number: 1:08CR00194-001
Defendant's Name: Oscar Omar Lobo-Lopez

# STATEMENT OF REASONS

## VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM (Check all that apply.)

A The sentence imposed departs (Check only one.):
  _ below the advisory guideline range
  _ above the advisory guideline range

B Sentence imposed pursuant to (Check all that apply.):
  1 Plea Agreement (Check all that apply and check reason(s) below.):
    _ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
    _ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
    _ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system
  2 Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
    _ government motion for a sentence outside of the advisory guideline system
    _ defense motion for a sentence outside of the advisory guideline system to which the government did not object
    _ defense motion for a sentence outside of the advisory guideline system to which the government objected
  3 Other
    _ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C Reason(s) for Sentence Outside the Advisory Guideline System (Check all that apply.)
  _ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
  _ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C § 3553(a)(2)(A))
  _ affords adequate deterrence to criminal conduct (18 U.S.C § 3553(a)(2)(B))
  _ protects the public from further crimes of the defendant (18 U.S.C § 3553(a)(2)(C))
  _ provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C § 3553(a)(2)(D))
  _ avoids unwarranted sentence disparities (18 U.S.C § 3553(a)(6))
  _ addresses the need to provide restitution to victims to provide restitution to any victims of the offense (18 U.S.C § 3553(a)(7))

D Explain the facts justifying a sentence outside the advisory guideline system. (Use page 4 if necessary.)

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Statement of Reasons - Page 4

| | |
|---|---|
| Case Number: | 1:08CR00194-001 |
| Defendant's Name: | Oscar Omar Lobo-Lopez |

# STATEMENT OF REASONS

### VII COURT DETERMINATIONS OF RESTITUTION

A __ Restitution is not applicable.

B Total Amount of Restitution: $4,300.00

C Restitution not ordered (Check only one.):

   1 __ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2 __ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing precess under 18 U.S.C. § 3663A(c)(3)(B).

   3 __ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4 __ Restitution is not ordered for other reasons:

C __ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

### VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

The sentence is imposed for the reasons stated from the Bench, pursuant to 18 U.S.C. 3553, with the advisory guidelines being one factor the Court took into account in the Section 3553 analysis.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Date of Imposition of Judgment: September 18, 2009