IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____

UNITED STATES OF AMERICA,      )
       )
v.       )    Case No. 1:08cr194
       )    The Hon. T.S. Ellis, III
OSCAR OMAR LOBO-LOPEZ,      )
       )
    Defendant.    )
_____)

## DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR NEW TRIAL

COMES NOW, the Defendant, OSCAR OMAR LOBO-LOPEZ, by and through counsel, and, replies to the Government's opposition as follows:

**1.  The undisclosed portions of the statements of Carlos Montoya ("El Ciego") were, in fact, new and material.**

Missing from the Government's very spare disclosure was the wealth of detail present in the undisclosed 302s of Ciego's statements.  This detail augured truthfulness rather than deception and corroborated thereby his exculpation of Defendant.  Defendant opted not to adduce to the jury Ciego's exculpation of Defendant only after lengthy deliberation and out of fear of prejudicial impeachment in view of the total lack of corroboration – known to the defense – of Ciego's exculpation.  Armed with the corroboration inherent in the much more detailed 302s, Defendant would have adduced the entirety of Ciego's statements, through a law enforcement officer as opposed to the retained investigatory assistant who had witnessed Ciego's statement to undersigned .

Moreover, the undisclosed 302s suggested for the first time a third party – the younger, newer member of the clique who resided at the "Buckskin House" (whom Defendant surmises to

be "Chaplin" from that member's description in the discovery) - as the author of the very

conduct of which Defendant was accused.

Disclosure of the 302s would have begotten a different defense and a reasonable

probability of a different trial result.

**2.  Rule 16 and the Sixth Amendment's guarantee of compulsory process compelled disclosure of the identity and location of Julio Chavez ("Flecha").**

Fed. R. Crim. P. 16 requires disclosure "material to preparing a defense."   A participant

in the crime subject of a charge is "material" to a defense of that charge as per *Roviaro v. United

States*, 353 U.S. 53 (1957).  *Roviaro's* enforcement of compulsory process is couched in the

context of the confidential informant privilege, but is certainly not limited to that context.

**3.  The contradictory statements of Government witness Sergio Amador ("Dado"), howsoever memorialized, were subject to mandatory disclosure.**

Dado contradicted himself on an important point each time he spoke to law enforcement.

Each contradiction constituted impeachment to which Defendant was entitled.  *United States v.*

*Bagley*, 473 U.S. 667, 676 (1985).  The Government states that Dado's debriefs post guilty plea

"were not memorialized in any reports."  Govt. Opposition at 3.  Nonetheless, it beggars

credulity that law enforcement would interview an admitted co-participant incriminating his co-

defendant in a death penalty eligible crime – and make absolutely no record of his remarks.  The

notes of the investigating officers and any other record of the interviews should have been

disclosed.

**CONCLUSION**

Any one of the foregoing should beget a new trial.  Defendant, however, asks the Court

to hold in abeyance its decision on his motion until Defendant can reasonably inform himself

about a new witness currently detained as a material witness in the matter of *United States v.*

*Carlos Montoya*, EDVA 1:09cr247.  Mr. Montoya is charged with the same murder of which

Defendant has been found guilty.  The Government confirmed on October 10th that it has located

an unnamed material witness unknown at the time of Defendant's trial.  Defendant has noticed

for October 16, a motion to receive, through and limited to counsel, the information on this

witness as disclosed to counsel for Mr. Montoya.  This witness may prove to constitute newly

discovered evidence sufficient to justify a new trial and Defendant asks this Court to retain under

consideration his motion for a new trial until such time as the import of this witness can be

determined.

                                                    Respectfully Submitted,

                                                    OSCAR OMAR LOBO-LOPEZ
                                                    By Counsel

RICH ROSENTHAL MANITTA DZUBIN & KROEGER, LLP

By:  _____/s/_____
Lana M. Manitta, VSB #42994
201 N. Union St., Ste. 140
Alexandria, VA 22314
Telephone: (703) 299-3440
Facsimile: (703) 299-3441
E-mail: LMManitta@RRMDK.com
Co-Counsel for Defendant Lobo-Lopez

LAW OFFICES OF JOHN C. KIYONAGA

BY: _____/s/_____
John C. Kiyonaga
526 King Street, Suite 213
Alexandria, Virginia 22314
Telephone:  (703) 739-0009
Facsimile:    (703) 836-0445
E-mail: jkiyonaga@earthlink.net
Counsel for the Defendant Lobo-Lopez

                                 Certificate of Electronic Service

I hereby certify that on October 14, 2009 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Patricia Giles, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

Joseph McCarthy, Esq.
510 King St., Ste. 400
Alexandria, VA 22314

Morris Parker, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

Jeffrey Zimmerman, Esq.
8200 Greensboro Drive
Suite 750
McLean, Virginia 22102

Zachary Richter, Esq.
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, VA 22314

_____/s/_____

John C. Kiyonaga